UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAC DAVID COCHRAN,<br><br>  Petitioner,<br><br>  v.<br><br>RALPH DIAZ, Warden,<br><br>  Respondent. | 1:13-cv-00551 AWI GSA HC<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS<br><br>[Doc. #12] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation ("CDCR") serving a sentence of 143 years to life for his convictions in San Diego Superior Court of multiple sex crimes. On April 17, 2013, Petitioner filed the instant habeas petition. Petitioner does not challenge the underlying conviction. Rather, he claims that the California Department of Corrections and Rehabilitation has wrongfully determined that he cannot earn good time credits against his sentence. He claims that the state court rejection of his claim was contrary to, or an unreasonable application of, Supreme Court authority.

1

On July 1, 2013, Respondent filed a motion to dismiss the petition for failure to state a cognizable claim. Petitioner filed an opposition on July 22, 2013, and Respondent filed a reply on July 25, 2013.

**DISCUSSION**

A. Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B. Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

In this case, Respondent contends that Petitioner has failed to state a cognizable claim. Respondent's arguments are persuasive. Petitioner states that the CDCR has determined that he cannot earn good time credits against his sentence pursuant to Cal. Penal Code § 2933, because Petitioner committed crimes which do not allow for the earning of such credits. Petitioner complains that the state court decisions upholding the CDCR's determination violates his due process rights. The essence of Petitioner's claim concerns the interpretation and application of state statute, and generally, issues of state law are not cognizable on federal habeas. Estelle v. McGuire, 502 U.S. 62, 67, (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law'") (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)); Gilmore v. Taylor, 508 U.S. 333, 348-49 (1993) (O'Connor, J., concurring) ("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas"). Although Petitioner attempts to make out a federal claim by claiming a violation of his due process rights, merely placing a "due process" label on a claim does not transform it into a federal one. Park v. California, 202 F.3d 1146, 1154 (9th Cir.2000). Broad, conclusory allegations of unconstitutionality are insufficient to state a cognizable claim. Jones v. Gomez, 66 F.3d 199, 205 (9th Cir.1995); see also Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999) (citing Gray v. Netherland, 518 U.S. 152, 162-63 (1996) ("general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion)). In this case, Petitioner does not point to any Supreme Court precedent which the state court decisions could be judged contrary to, or an unreasonable application of. His claim is solely grounded in state law and is therefore not cognizable. Bradshaw v. Richey, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus").

Moreover, an inmate has no liberty interest in his credit-earning status. Toussaint v. McCarthy, 801 F.2d 1080, 1095 (9th Cir.1986); see also Cal. Penal Code § 2933(c) ("Credit is a privilege, not a right."). Although inmates have a liberty interest in good time credit they have already earned, see Wolff v. McDonnell, 418 U.S. 539, 556-58 (1974), no such interest has been recognized in the opportunity to earn good time credit. See Abed v. Armstrong, 209 F.3d 63, 66-67 (2d Cir.2000)

(no liberty interest recognized in the opportunity to earn good time credit where prison officials have discretion to determine whether an inmate or class of inmates is eligible to earn good time credit); Antonelli v. Sheahan, 81 F.3d 1422, 1431 (7th Cir.1996) (holding that convicted prisoner with no access to good time credit program because he was incarcerated in county jail had no constitutional interest in the opportunity to earn good time credit); Luken v. Scott, 71 F.3d 192, 193 (5th Cir.1995) (holding that inmate has no liberty interest in opportunity to earn good time credit); Conlogue v. Shinbaum, 949 F.2d 378, 380 (11th Cir.1991) (noting that "[w]hen [a] statute is framed in discretionary terms there is not a liberty interest created" (internal quotations omitted)).  Petitioner's due process claim therefore fails because of the absence of a cognizable liberty interest.  See Greenholtz v. Inmates of Neb. Penal & Correctional Complex, 442 U.S. 1, 11 (1979) (noting that statute providing "no more than a mere hope that the benefit will be obtained ... is not protected by due process").

Petitioner also claims his equal protection rights were violated because Cal. Penal Code § 269, one of the penal statutes of which Petitioner sustained multiple convictions, contains similar language to other penal statutes which allow for earning good time credits.  Petitioner argues he is similarly situated to prisoners who were convicted on those other statutes and are able to earn credits; therefore, he should also be entitled to earn credits.  This argument is unavailing.

The Equal Protection Clause of the Fourteenth Amendment commands that no State shall "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike.  City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (quoting Plyler v. Doe, 457 U.S. 202, 216 (1982)).  Here, Petitioner fails to state facts to meet this standard.  As pointed out by Respondent, Petitioner's convictions include both determinate and indeterminate sentences under the California Penal Code. Petitioner's credit-earning status was reviewed at all administrative levels and in the state courts and determined to be calculated correctly.  (Resp't's Mot. Dismiss, Ex 1.)  He was advised that he was given a "Credit Code 35" which includes, inter alia, convictions under Cal. Penal Code § 269.  (Id.) Any prisoner given a "Credit Code 35" is not allowed to earn good time credits, because the relevant statutes do not provide for the earning of credits.  (Id.)  This determination was made according to

state law and is therefore binding on a reviewing federal habeas court. Bradshaw v. Richey, 546 U.S. at 76. Petitioner fails to show that there are other prisoners who are designated with the same credit code but allowed to earn good time credits, or that there are other prisoners who have sustained § 269 convictions but are allowed to earn credits. Therefore, Petitioner's claim that he is being treated differently from others similarly situated fails.

The petition fails to state a cognizable federal claim, and no tenable claim could be made if leave to amend were granted. Therefore, Respondent's motion to dismiss should be granted.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss the petition be GRANTED and the petition for writ of habeas corpus be DISMISSED with prejudice for failure to state a claim cognizable under 28 U.S.C. § 2254.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 2, 2013**                               **/s/ Gary S. Austin**
                                                         UNITED STATES MAGISTRATE JUDGE